IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
Southern Division

FILED
99 DEC 17 AM 10:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

SHIRLEY H. HUTCHERSON,            )
individually, and as a representative )
of the class defined herein,          )
                                  )
        Plaintiffs,               )
                                  )
v.                                )   CV-99-P-2743-S
                                  )
MBNA AMERICA BANK, N.A.,          )
and CREDITRUST, INC.              )
                                  )
        Defendants.               )

ENTERED
DEC 17 1999

## Opinion

Before the Court are Motions to Dismiss filed by Defendants MBNA America Bank, N.A. and Creditrust, Inc. which were heard with oral argument at the December 3, 1999 motion docket. Also before the Court is a Motion to Amend Complaint filed by Plaintiff on December 9, 1999. For the reasons expressed below, Defendants' Motions to Dismiss are due to be granted with respect to Plaintiff's state law claims, RICO claim, and FDCPA claim. Plaintiff's Motion to Amend is also due to be granted. Plaintiff's Amended Complaint will be limited to claims for injunctive relief and damages under 11 U.S.C. § 105(a)[1] and 11 U.S.C. § 362(h)[2]. Furthermore, because Plaintiff's remaining claims are premised upon the Bankruptcy Code, this matter will be referred to Bankruptcy Court.

### I. Facts

On December 28, 1998, Plaintiff filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code. At the time of this filing, Plaintiff had a revolving credit account with Defendant MBNA and was making payments on her credit card. MBNA was listed as an unsecured creditor in Plaintiff's petition and was notified of such as a result of the notice of meeting of creditors sent to MBNA by the bankruptcy court. On March 30, 1999, the MBNA debt, along with the other debts

---

[1] 11 U.S.C. § 105(a) provides as follows: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

[2] 11 U.S.C. § 362(h) provides as follows: "An individual injured by any willful violation of a stay ... shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

listed in Plaintiff's Chapter 7 petition, was discharged by order of the bankruptcy court.

In February of 1999, Plaintiff received a billing statement from MBNA. During that same month, MBNA sent Plaintiff a letter attempting to collect monies on her account. Furthermore, in the winter and early spring of 1999, MBNA and its agent and designee Creditrust began calling Plaintiff demanding payment on her MBNA bankcard debt. Plaintiff alleges that these telephone calls did not cease, despite her repeated assertions to Defendants that her debts had been discharged in bankruptcy.

On October 12, 1999, Plaintiff filed a complaint in this Court based upon the above-referenced collection efforts by Defendants. Plaintiff alleges that these efforts occurred after the imposition of the automatic stay provided for by 11 U.S.C. § 362 and subsequent to the discharge of her debts under 11 U.S.C. § 524. Her class action complaint includes the following claims:
1.) invasion of privacy against MBNA and Creditrust; 2.) negligence/ negligent supervision and training against MBNA and Creditrust; 3.) a claim for relief under RICO against MBNA; 4.) a claim for violation of The Fair Debt Collection Practices Act against Creditrust; and 5.) a claim for injunctive relief against MBNA and Creditrust. On November 8, 1999, Defendant MBNA filed a Motion to Dismiss Plaintiff's claims in which it argues that the purported state law claims are preempted by the U.S. Bankruptcy Code and that the Plaintiff lacks standing to pursue a RICO claim against MBNA. Similarly, on November 15, 1999, Defendant Creditrust filed a Motion to Dismiss, arguing that Plaintiff's state law claims are preempted by the U.S. Bankruptcy Code and that the Defendant lacked the requisite intent for imposition of liability under the Fair Debt Collection Practices Act. After oral argument was heard on these matters at the December 3, 1999 motion docket, Plaintiff filed a Motion to Amend her Complaint in order to add a class claim based upon provisions of the U.S. Bankruptcy Code, including 11 U.S.C. § 362(h) and 11 U.S.C. § 524.

## II. Plaintiff's State Law Claims

Defendants argue that Plaintiff's state law claims are due to be dismissed because they are preempted by the U.S. Bankruptcy Code. The Supremacy Clause of the United States Constitution provides that the laws of the United States will be "the supreme Law of the Land ... any Thing in the Constitution or laws of any State to the Contrary notwithstanding." U.S. Const. Art. VI. As such, federal law preempts state law where the state law conflicts with federal law; the federal law occupies a field, and the state law falls within the field; or federal law expressly preempts state law. *Cipollone v. Liggett Group, Inc.*, 505 U.S. 504, 516-17 (1992). Following this principle, courts have consistently held that the extensive reach of the U.S. Bankruptcy Code preempts virtually all claims relating to misconduct in bankruptcy proceedings. *See, e.g., Cox v. Zale Delaware, Inc.*, 1999 WL 1101330 (N.D. Ill. Nov. 29, 1999); *Pereira v. First North American National Bank*, 223 B.R. 28 (N.D. Ga. May 14, 1998); *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 912-15 (9th Cir. 1996)(stating that the "comprehensive provisions of the lengthy Bankruptcy Code ... demonstrate[] Congress's intent to create a whole system under federal control"). The Bankruptcy Code also provides remedial schemes for addressing violations of Sections 362 and 524, including filing a claim under § 362(h) and the filing of civil contempt proceedings under the bankruptcy's inherent contempt power and section 105(a). Therefore, because Plaintiff's state law claims in this action are clearly tied to Defendants' alleged violations of Sections 362 and 524, they are preempted

by the U.S. Bankruptcy Code.

### III. Plaintiff's RICO Claim

Plaintiff has also brought a claim against MBNA for relief under the Racketeer Influenced and Corrupt Organizations Act. The civil damages provision of this statute states the following:

> Any person injured *in his business or property* by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

18 U.S.C. § 1964(c)(emphasis added).

Plaintiff's complaint indicates that her claim arises out of the above provision and that she was damaged in that she suffered "mental anguish from MBNA's attempts to collect debts that are not due because they have been discharged pursuant to a bankruptcy proceeding." As is evidenced by her complaint, Plaintiff has no standing to pursue a RICO claim against MBNA because she has failed to allege an injury to business or property. *See Grogan v. Platt*, 835 F.2d 844 (11th Cir. 1988). As such, Defendant's Motion to Dismiss Plaintiff's RICO claim is due to be granted.

### IV. Plaintiff's FDCPA Claim

Plaintiff has also brought a claim against Creditrust for violation of the Fair Debt Collection Practices Act. Unlike the conflict between state law claims and the provisions of the Bankruptcy Code, Plaintiff's FDCPA claim raises a potential conflict between federal statutes, as Plaintiff seeks to produce an external challenge to alleged conduct which occurred relating to the bankruptcy proceedings. In the only case which has addressed the issue of whether an FDCPA claim can be premised upon happenings in bankruptcy proceedings, the U.S. District Court for the Northern District of Illinois held that an FDCPA claim can not be brought based upon the filing of proofs of claim in a bankruptcy proceeding. *Baldwin v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark*, 1999 WL 284788, *4 (N.D. Ill. April 26, 1999). In so ruling, the court based its reasoning on the United States Supreme Court's decision in *Kokoszka v. Belford*, wherein the Court ruled that the Consumer Credit Protection Act's wage garnishment provisions should not apply in the context of bankruptcy. 417 U.S. 642, 650 (1974). Like the wage garnishment provisions of the Consumer Credit Protection Act, a key function of the FDCPA is to eliminate practices which lead to consumers entering into bankruptcy in the first place. *See Baldwin*, 1999 WL 284788, at *4. Because "[n]either set of provisions demonstrates even the slightest intent on the part of Congress to interfere with the intricate workings of the bankruptcy system," this Court finds that an FDCPA claim can not be premised upon alleged violations of the automatic stay and discharge provisions of the U.S. Bankruptcy Code. *See id.* Such a finding is consistent with the central purpose of the Bankruptcy Code and its comprehensive scheme to guard against violations of the provisions at issue in this case. Therefore, Plaintiff's FDCPA claim is due to be dismissed.

## V. Conclusion

For the above reasons, Defendants' Motions to Dismiss are due to be granted with respect to Plaintiff's state law claims, RICO claim, and FDCPA claim. Furthermore, Plaintiff will be permitted to amend her complaint to assert claims under the Bankruptcy Code for the alleged violations of 11 U.S.C. § 362 and 11 U.S.C. § 524. Plaintiff may therefore seek relief under § 362(h) and damages and/or injunctive relief under the statutory contempt power found in § 105(a).[3] *See In re Hardy*, 97 F.3d 1384, 1389 (11th Cir. 1996); *In re Jove Engineering, Inc.*, 92 F.3d 1539, 1549-1550 (11th Cir. 1996). Contrary to Plaintiff's assertions, the Eleventh Circuit has recognized that the Bankruptcy Court has jurisdiction to hear post-discharge matters relating to violations of the automatic stay and discharge provisions of the Bankruptcy Code. *See generally In re Burke*, 146 F.3d 1313 (11th Cir. 1998). As such, this matter will be referred to Bankruptcy Court.

Dated: Dec. 17, 1999

Judge Sam C. Pointer, Jr.

Service List:

Mr. Dennis G. Pantazis
Mr. Brian M. Clark
Mr. Andrew L. Noble
Mr. Robert E. Parsons
Ms. Dorothy A. Powell

---

[3] Unlike § 362, § 524 does not specifically authorize monetary relief. As such, Plaintiff may rely on the statutory contempt powers of section 105 as an avenue for relief for Defendants' post-discharge collection efforts.